IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS SCHUELKE,

                Plaintiff,                  OPINION & ORDER

   v.                                  14-cv-139-jdp

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                Defendant.

---

      Plaintiff Thomas Schuelke seeks judicial review of a final decision of defendant Carolyn W. Colvin, the acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. The court held a telephonic hearing on Schuelke's motion for summary judgment on June 2, 2015. For the reasons stated more fully at the hearing, the court will deny Schuelke's motion and affirm the Commissioner's decision.

      Schuelke contends that the ALJ made two reversible errors: failing to give a treating source opinion sufficient weight, and failing to adequately consider a disability assessment from the Department of Veterans Affairs.

      The ALJ found that the opinion of treating doctor, Amit Chauhan, MD, was not credible because it was: (1) presented in the form of checked boxes without supporting substantive justification; (2) not supported by Dr. Chauhan's own treatment notes; and (3) not consistent with other evidence and medical opinions in the record. R. 25.[1] Schuelke concedes that Dr. Chauhan's opinion was not entitled to controlling weight because it was inconsistent with the other opinions. Dkt. 14, at 13. But he argues that the reasons that the ALJ gave for discrediting the opinion were deficient.

---

[1] The court cites to the administrative record at Dkt. 8.

First, although the checkbox format is an acceptable format for medical opinions, the ALJ's point is well taken. Checked boxes alone, without the support of substantive explanation, or at least consistent treatment notes, are not as reliable as explanatory narratives. *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010) ("Although by itself a check-box form might be weak evidence, the form takes on greater significance when it is supported by medical records.") (citations omitted). Second, the ALJ explained how Dr. Chauhan's treatment notes, especially those following Schuelke's 2010 surgery, did not describe limitations that were as severe as his opinion, and the ALJ cited to specific references for support. R. 25. Third, Dr. Chauhan's opinion was not consistent with the other medical opinions; no other opinion endorsed any work limitations based on Schuelke's back condition. To support his attack on the ALJ's decision, Schuelke primarily relied on Dr. Andrea Peterson's medical notes, and argued that the ALJ ignored them. Dkt. 14, 15-18. But those notes actually supported the ALJ's conclusion, describing normal and negative test results. R. 596-99. Therefore, the court concludes that the ALJ adequately supported his decision to discount the opinion of Schuelke's treating doctor.

Schuelke also argues that the ALJ failed to adequately consider a 2008 assessment from the Department of Veterans Affairs that found him disabled. But "[d]eterminations of disability by other agencies do not bind the Social Security Administration." *Allord v. Barnhart*, 455 F.3d 818, 820 (7th Cir. 2006); 20 C.F.R. § 416.904. Different departments use different standards to determine disability. *Id.* ("[T]he Department of Veterans Affairs requires less proof of disability than the Social Security Administration does.") (citations omitted). Accordingly, the ALJ is free to disagree with the Veteran Administration's determination. However, before he may disagree with the assessment, the ALJ is required to at least consider it and give it "some weight." *Davel v. Sullivan*, 902 F.2d 559, 560-61 n.1 (7th Cir. 1990). And SSR 06-03p requires the ALJ to consider all the evidence in the record, including disability determinations by other

governmental agencies. In his decision, the ALJ explicitly acknowledged the assessment, and he described Schuelke's condition around the same time more generally, noting that he was looking for work and receiving various treatments from his providers. R. 22. Thus, the court finds that the ALJ adequately considered the assessment.

Accordingly, IT IS ORDERED that the decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Thomas Schuelke's application for disability benefits is AFFIRMED and Schuelke's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of the defendant and close this case.

Entered June 5, 2015.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge